# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**April 13, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **E.C. and D.C.**

**No. 17-1050** (Mingo County 16-JA-65 and 66)

## MEMORANDUM DECISION

Petitioner Father C.W., by counsel Marsha Webb-Rumora, appeals the Circuit Court of Mingo County's October 25, 2017, order terminating his parental rights to E.C. and D.C.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Diana Carter Wiedel, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights because he did not have notice of the proceedings until after the preliminary and adjudicatory hearings were held and because the circuit court did not properly adjudicate him.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court vacates the circuit court's October 25, 2017, dispositional order because of its failure to properly adjudicate petitioner as required by West Virginia Code § 49-4-601. Accordingly, this case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure, and a memorandum decision is appropriate to resolve the issues presented.

On September 30, 2016, the DHHR filed an abuse and neglect petition against petitioner alleging that he had not had any contact with his children in six months. However, petitioner did not have notice that the petition was filed. On October 17, 2016, the circuit court held a preliminary hearing for which petitioner did not have notice at that time. Nevertheless, petitioner's counsel waived the preliminary hearing on his behalf. On November 16, 2016, the circuit court held a hearing at which petitioner's counsel stipulated to his adjudication despite the fact that petitioner still had not been served with the petition, and therefore was unaware of the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

proceedings, and had not had any contact with counsel. Based upon his counsel's stipulation on his behalf, the circuit court adjudicated petitioner as an abusing parent. However, no evidence to support this adjudication was presented by the DHHR.

On January 10, 2017, the dispositional hearing was continued because service by publication for petitioner was necessary, as advised by the DHHR. The guardian informed the circuit court on January 18, 2017, the publication had been made. A hearing was held on February 22, 2017, at which petitioner's counsel advised the circuit court that she met with petitioner for the first time that day. The DHHR requested that the circuit court allow it time to investigate petitioner. Petitioner's counsel advised that petitioner wished to participate in services and to obtain custody of his children. Although this was the first hearing petitioner attended, the circuit court did not ask petitioner if he agreed to waive his preliminary hearing or to stipulate to adjudication. According to the record, no evidence was presented at this hearing. Subsequent hearings were continued several times until, ultimately, the circuit court held a dispositional hearing on August 30, 2017, at which petitioner's parental rights to E.C. and D.C. were terminated. It is from the October 25, 2017, dispositional order that petitioner appeals.[2]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating his parental rights because the DHHR failed to prove the allegations in the petition by its failure to present evidence and testimony. Next, petitioner argues that he was denied due process because he did not receive notice until after the preliminary and adjudicatory hearings. Lastly, he argues that no evidence was presented until the dispositional hearing. The record shows, however, that petitioner did not

---

[2]The mother's parental rights were also terminated. According to the DHHR and the guardian, the children are currently placed in a foster home and the permanency plan is adoption therein.

object to these issues below, thus requiring the application of a plain error analysis.[3] "The 'plain error' doctrine grants appellate courts, in the interest of justice, the authority to notice error to which no objection has been made." *State v. Miller*, 194 W.Va. 3, 18, 459 S.E.2d 114, 129 (1995). To satisfy the "plain error" standard to allow appellate review of unpreserved errors, the appellate court must find: "(1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *Id.* at 7, 459 S.E.2d at 118, Syl. Pt. 7, in part. We find that this case satisfies these elements.

Upon a review of the record, it is apparent that petitioner did not have notice of the proceedings until after the preliminary and adjudicatory hearings were held. Rule 20 of the Rules of Procedure for Child Abuse and Neglect Proceedings and West Virginia Code § 49-4-601(e)(1) provide that "[t]he petition and notice of the hearing shall be served upon both parents and any other custodian, giving to the parents or custodian at least five days' actual notice of a preliminary hearing and at least ten days' notice of any other hearing." As noted above, the preliminary hearing was held on October 17, 2016, and the adjudicatory hearing was held on November 16, 2016. The DHHR advised that service by publication was necessary for petitioner at the January 10, 2017, hearing and the guardian informed the circuit court on January 18, 2017, the publication had been made. Petitioner began participating in the proceedings beginning in February of 2017.

Despite petitioner's lack of notice of the proceedings, petitioner's counsel stipulated to adjudication on his behalf at the November 16, 2016, hearing without ever having any contact with petitioner. The circuit court's acceptance of this stipulation was in violation of Rule 26 of the Rules of Procedure for Child Abuse and Neglect Proceedings. Rule 26(a) provides that "[a]ny stipulated or uncontested adjudication shall include the following information: 1. Agreed upon facts supporting court involvement regarding the respondent's(s') problems, conduct, or condition; and 2. A statement of respondent's problems or deficiencies to be addressed at the final disposition." Rule 26(b) provides that

> [b]efore accepting a stipulated or uncontested adjudication, the court shall determine that the parties understand the content and consequences of the admission or stipulation, the parties voluntarily consent, and that the stipulation or uncontested adjudication meets the purposes of these rules and controlling statute and is in the best interests of the child."

None of the information required by Rule 26(a) was discussed at the November 16, 2016, hearing. Further, because petitioner had no notice of the proceedings, he did not acknowledge or voluntarily consent to stipulating to adjudication. Moreover, when petitioner began participating

---

[3]On appeal, petitioner failed to phrase his assignment of error "in such a fashion to alert the Court to the fact that plain error is asserted" per Rule 10(c)(3) of the West Virginia Rules of Appellate Procedure. However, under that rule, this Court has the discretion and jurisdiction to review this issue under the plain error doctrine.

in the proceedings in February of 2017, the circuit court failed to question whether he agreed to waive his preliminary hearing or stipulate to adjudication.

This Court has previously held that

"[i]n a child abuse and neglect hearing, before a court can begin to make any of the dispositional alternatives under [West Virginia Code § 49-4-604] it must hold a hearing under [West Virginia Code § 49-4-601] and determine 'whether such child is abused or neglected.' *Such finding is a prerequisite to further continuation of the case.*"

Syl. Pt. 1, *State v. T.C.*, 172 W.Va. 47, 303 S.E.2d 685 (1983)(emphasis added). Although the circuit court accepted petitioner's stipulation, the acceptance and, thus, the adjudication of petitioner were in error. Moreover, upon a review of the record, it is clear that the DHHR presented no evidence to meet its burden of proof for establishing abuse and/or neglect and no such findings based upon the conditions existing at the time of the filing of the petition were made by the circuit court as required by West Virginia Code § 49-4-601.[4]

As such, we find that the circuit court's failure to properly adjudicate petitioner constitutes a plain error that affected petitioner's substantial rights and seriously affected the fairness, integrity, and public reputation of the proceedings. Simply put, the DHHR must be required to satisfy its burden of proof in all child abuse and neglect proceedings and parents must be afforded the right to meet such evidence.

We have held that

[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children adjudicated to be abused or neglected has been substantially disregarded or frustrated, the resulting order of disposition will be vacated and the case remanded for compliance with that process and entry of an appropriate dispositional order.

Syl. Pt. 5, *In re Edward B.*, 210 W.Va. 621, 624, 558 S.E.2d 620, 623 (2001).

---

[4]West Virginia § 49-4-601(i) provides, in part, that

[a]t the conclusion of the adjudicatory hearing, the court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether the child is abused or neglected and whether the respondent is abusing, neglecting, or, if applicable, a battered parent, all of which shall be incorporated into the order of the court. The findings must be based upon conditions existing at the time of the filing of the petition and proven by clear and convincing evidence.

For the foregoing reasons, we vacate the circuit court's October 25, 2017, dispositional order and remand the matter, with instructions for the circuit court to forthwith hold an adjudicatory hearing in regard to petitioner, and for further proceedings consistent with the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings and Chapter 49 of the West Virginia Code.[5] The circuit court is further directed to conclude the matter by entry of a final order within sixty days of the issuance of the Court's mandate. The Clerk is directed to issue the mandate contemporaneously herewith.

Vacated and remanded.

**ISSUED**:  April 13, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

---

[5]Further, based on the representations of respondents and the record on appeal, the Court finds that the children's current temporary placement is appropriate and in their best interests at this time. Accordingly, we instruct the circuit court to maintain this temporary placement until such time as the circuit court is tasked with determining an appropriate permanent placement for the children pursuant to West Virginia Code § 49-4-604(b) and the applicable Rules of Procedure for Child Abuse and Neglect Proceedings.